**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-06-0191-F |
| ) | |
| SKOSHI THEDFORD FARR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Two motions are before the court: defendant's motion for disclosure of grand jury minutes and records, filed October 23, 2006 (doc. no. 15), and defendant's motion to dismiss the indictment due to duplicity, also filed October 23, 2006 (doc. no. 18). The government has responded, and the motions are ready for determination.

### I. Grand Jury Minutes and Records

Fed. R. Crim. P., Rule 6(e)(3)(E)(ii) provides that the court "may authorize disclosure" of a grand jury matter, "at a time, in a manner, and subject to any other conditions that it directs," at the request of a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." In such a case, the court will use its discretion to determine whether the defendant has met his burden to show a particularized need for the material which outweighs the policy of grand jury secrecy. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).

As the court understands defendant's argument regarding her showing of particularized need, it is that she needs production of all grand jury minutes and records for the grand jury returning the instant indictment and for any other grand jury which has investigated or considered the information and allegations contained in the

indictment, because she asserts that if this matter was submitted to the grand jury without appropriate instructions concerning the elements of property law that she asserts govern the defendant's purported ownership of the property which the government claims defendant did not use to pay the taxes in question, defendant would be entitled to dismissal of the indictment because she is not, in fact, the owner of that property and, if properly instructed regarding the elements of ownership, the grand jury would not have indicted her.

In support of her argument, defendant cites the Federal Rules of Criminal Procedure, but she cites no decisions in which courts considered any arguments similar to the one she makes here. The motion makes clear that defendant already has the statements of witnesses who are likely to be called to testify on behalf of the government at trial and to the grand jury testimony of the investigating agent in this case. Moreover, defendant's request for disclosure is extremely broad, and it is not tailored in any way to require the production of any instructions or other statements which might have been given to the grand jury regarding property law principles or elements to the extent that such law might arguably pertain to a determination of plaintiff's ownership of the subject property.

Defendant's motion for disclosure **DENIED**. Defendant's request is highly conjectural, and appears to be based on what she *hopes* disclosure may reveal, rather than on any showing of facts indicating a particularized need.

## II. Duplicity

Defendant has moved for dismissal of the indictment, arguing that count one is duplicitous because it charges an alleged failure to pay any one of four separate quarterly employment taxes and because count two charges an alleged failure to pay any one of three quarterly employment taxes.

The indictment charges defendant with two counts of willfully attempting to evade and defeat the payment of quarterly employment taxes in violation of 26 U.S.C. § 7201.  Each count charges defendant with a single offense of evasion of payment of quarterly employment taxes.  Specifically, the first count charges an evasion for taxes due in the year 1995, and the second count charges an evasion for taxes due in the year 1999.

Neither of the two cases which defendant quotes in her brief are tax evasion cases.  Although the Tenth Circuit has apparently not addressed duplicity in the context of § 7201, other circuits agree that tax evasion is a single crime, and that in a criminal tax evasion case each year stands alone and the failure to pay taxes in each one of the years involved constitutes a separate offense.  *See*, United States v. Smith, 335 F.2d 898, 900-01 (7th Cir. 1964) (indictment alleging income tax evasion for the years 1952 and 1953 in two counts upheld, as the counts pertained to a continuing course of illegal conduct in the sense that the intention was to avoid taxes so long as payoffs continued, and noting that in a criminal tax evasion case each year stands alone).  Where acts could be characterized as part of a single, continuing scheme of tax evasion, the prosecutor may even charge conspiracy to evade several years' taxes as one count, without making the indictment duplicitous.  United States v. Shorter, 809 F.2d 54, 56 (D.C. Cir. 1987), abrogated on other grounds.

Here, the prosecutor opted to charge only one count for the 1995 evasion and only one count for the 1999 evasion, rather than cause the defendant to be subject to several special assessments for each of these tax years.  The government states that its evidence will show that the affirmative acts of evasion by the defendant were to defeat payment of taxes owing in each of the years charged and were not acts which were specifically targeted at any particular quarterly tax.

In these circumstances, the court finds and concludes that the indictment is not duplicitous. Defendant's motion to dismiss on grounds of duplicity is therefore **DENIED**.

Dated this 13th day of November, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0191p007(pub).wpd