**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CR-06-0191-F |
| | ) | |
| SKOSHI THEDFORD FARR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Several motions, all brought by the defendant, are before the court.  They are: "Motion...to Dismiss Count II of Indictment for Improper Venue" (doc. no. 17); "Motion...Requesting Dismissal of Indictment as Barred by the Statute of Limitations" (doc. no. 16); "Motion...to Dismiss Indictment for Failure to Commence Timely Prosecution" (doc. no. 13); and "Motion...Requesting Evidentiary Hearing Regarding Defendant's Pretrial Motions" (doc. no. 37.)  The government has responded to each of the motions, and the motions are ready for determination.

### I.  Motions Regarding Venue

Defendant challenges venue for count two of the indictment, arguing that the acts alleged in count two occurred while defendant was a resident of Oregon. Defendant requests a pre-trial evidentiary hearing on venue facts and moves for dismissal of count two on the ground of improper venue.

The case cited by the defendant in support of her motion for a hearing on the venue issue is Sherman v. American Federation of Musicians, 588 F.2d 1313 (10th Cir. 1978), a case brought under the Labor Management and Relations Act and under the Clayton Act.  In it, the circuit merely notes that Judge Daugherty exercised his discretion wisely when he ordered an evidentiary hearing to fully develop the issues

of jurisdiction and venue.  *Id*. at 1314.  When venue is in dispute in a criminal case, it is normally decided by the jury.  <u>United States v. Cryar</u>, 232 F.3d 1318, 1323 (10th Cir. 2000).  Venue is proper in any district where the offense was begun, continued or completed.  18 U.S.C. § 3237(a).  As recognized by the government in its response to the motion, in this case as in every case, the government bears the burden to prove proper venue at trial; here, that burden requires proof that the alleged acts of evasion of payment commenced, continued or were completed, in the Western District of Oklahoma.

Accordingly, defendant's motion for an evidentiary hearing (doc. no. 37) will be denied to the extent that it requests a pre-trial evidentiary hearing on venue. Defendant's motion to dismiss count two for improper venue will also be denied at this stage but without prejudice to the defendant's right to contest venue at trial. Nothing stated in this order is intended to prejudice defendant's venue defense at trial.

## II.  <u>Motions Regarding Limitations Defense</u>

Defendant argues that inordinate delay between the time the alleged offense occurred and the time the indictment was filed bars prosecution of counts one and two under the statute of limitations.  Defendant asks the court to hold an evidentiary hearing on the merits of her limitations defense, and she argues that this action should be dismissed on the basis of that defense.  Specifically, defendant argues that 26 U.S.C. § 6531 provides a six-year limitations period for offenses of willful tax evasion, that the indictment alleges wrongdoings dating back to 1997, that the indictment was not returned until almost nine years after the conduct of which the defendant is accused was allegedly committed, and that there were no continuing violations to extend the limitations period.  The government responds by arguing that the limitations period begins to run on the date of the last evasive act and that the affirmative acts of evasion that the government will prove at trial are those that

occurred after the death of defendant's husband in December of 1998 and through as late as 2002.  The government argues that as the last evasive act applicable to both counts one and two was in 2002, and that as the indictment was filed on August 15, 2006, there is no limitations problem.

Zeidler v. United States, 601 F.2d 527 (10th Cir. 1979), the case cited by the defendant in support of its request for an evidentiary hearing on the limitations issue, is a federal tort claims case, not a criminal case.  That case merely states that the question of when the statute of limitations commenced to run could only be answered after a full evidentiary hearing by the court.  *Id.* at 531.  Defendant has cited no authorities which require or even allow a pre-trial evidentiary hearing on the merits of a limitations defense in a criminal case.  The question of whether defendant engaged in an affirmative act of evasion and of whether such an act occurred within the statute of limitations, is for the jury to decide.

Accordingly, defendant's motion for an evidentiary hearing will be denied to the extent that defendant requests a pre-trial evidentiary hearing on defendant's limitations defense.  Defendant's motion to dismiss based on limitations will also be denied for now, without prejudice to the presentation of this defense at trial. Nothing stated in this order is intended to prejudice defendant's limitations defense at trial.  If the defendant anticipates that the evidence may raise a question as to whether a legally significant act of evasion occurred within the limitations period, she would be well-advised to address the authorities relevant to this point in her trial brief.

### III. <u>Motions Regarding Failure to Timely Prosecute</u>

Defendant has moved to dismiss the indictment based on the government's failure to timely prosecute this case. Defendant has moved for an evidentiary hearing on this issue as well.

The test for determining whether this cause of action should be dismissed because of the government's alleged failure to prosecute it in a timely manner is stated in <u>United States v. Revada</u>, 574 F.2d 1047 (10th Cir. 1978), as follows.

> The rights of a defendant under the due process clause of the Fifth Amendment are not violated in the absence of a showing of actual prejudice resulting from the preindictment delay and that the delay was purposefully designed to gain tactical advantage or to harass the defendants.

*Id*. at 1048. Proof of prejudice is a necessary but not sufficient element of a due process claim. *Id*. The due process inquiry must consider the reasons for the delay as well as the prejudice to the accused. *Id*. The Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. *Id*. Nevertheless, dismissal is required if it is shown that pre-indictment delay caused substantial prejudice to the defendant's rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. *Id*. Although an evidentiary hearing is not required in every case where pre-indictment delay is in issue, *see, e.g.,* <u>United States v. Muniz</u>, 1 F.3d 1018, 1024 (10th Cir. 1993), the Tenth Circuit has noted that failure to hold an evidentiary hearing regarding these issues may constitute a handicap to the reviewing court. <u>Revada</u>, at 1049.

On the basis of the record now before the court, the court regards the issue of preindictment delay as a serious matter in this case. The <u>Revada</u> and <u>Muniz</u> cases both involved very uncomplicated charges (possession of firearms) and relatively

-4-

short periods of delay.  Exceptionally long periods of delay become increasingly difficult to explain away as inoffensive "investigative delay," and in a factually complex case, the distinct possibility arises that preindictment delay may result in prejudice not falling within "the general category of disadvantages which occur with any delay." Revada, 574 F.2d 1047, 1049.  Given the seriousness of this issue in this case, a pre-trial evidentiary hearing on this issue is advisable. *See,* Revada at 1050; *compare,* Muniz 1 F.3d at 1024.  The evidence and argument at that hearing will be limited to the issues defined by the cases cited above.

Accordingly, defendant's motion for a pre-trial evidentiary hearing (doc. no. 37) will be granted to the extent that defendant requests an evidentiary hearing on the question of whether the indictment should be dismissed for failure to timely prosecute. A ruling on the merits of defendant's motion seeking dismissal on that ground is deferred until after the hearing.

## IV.  Rulings

After careful consideration of defendant's motions, the parties' submissions, the record, and the relevant legal authorities, the court rules as follows.

Defendant's motion to dismiss count two for improper venue (doc. no. 17) is **DENIED** at this stage but without prejudice to determination of the merits of this defense at trial.

Defendant's motion to dismiss counts one and two as barred by limitations (doc. no. 16) is **DENIED** at this stage but without prejudice to determination of the merits of this defense at trial.

A ruling on defendant's motion to dismiss based on prosecutorial delay is deferred until after the evidentiary hearing on that issue.  (Doc. no. 13.)

Defendant's motion requesting an evidentiary hearing on defendant's pre-trial motions is **GRANTED** in part and **DENIED** in part.  (Doc. no. 37.)  The motion is

**GRANTED** to the extent defendant requests a hearing concerning her motion for dismissal based on prosecutorial delay.  That hearing is **SET** for January 30, 2007, at 9:30 a.m., in the undersigned's courtroom.  In all other respects, defendant's motion for an evidentiary hearing is **DENIED**.

Dated this 16th day of January, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0191p008(pub).wpd